UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION



| | |
|---|---|
| BRANDON HEARD and DARRELL HEARD | CIVIL ACTION NO. 97-01436S |
| VERSUS | |
| | JUDGE TOM STAGG |
| THE MUNICIPALITY OF BOSSIER CITY, LOUISIANA, ET AL | MAGISTRATE JUDGE ROY S. PAYNE |

### COMPLAINANTS' STATEMENT OF MATERIAL FACTS ABOUT WHICH THERE EXISTS A GENUINE ISSUE RESPONDING TO DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT REQUIRING TRIAL FILED MARCH 22, 1999

NOW INTO COURT, through undersigned counsel, come Complainants, BRANDON HEARD and DARRELL HEARD, who submit the following Complainants' Statement of Material Facts About Which There Exists a Genuine Issue responding to Defendants' Statement of Material Facts Not Requiring Trial filed March 22, 1999 ("Defendants' Statement" or "Defs.' St.") pursuant to Local Rule 56.1W. As set forth below, Complainants dispute, in whole or in part, each paragraph of Defendants' Statement, as follows:

1 (Defs.' St. ¶¶1-4)

As the involved officers stormed 1311 Becky Street on April 5, 1997, each officer played his own individual role, the specifics of which the Defendants cannot even agree upon. In paragraphs 1-4 of Defendants' Statement, Defendants contend that officers Grantham and Thomerson were independently handling people other than Brandon and Darrell Heard, with whom Grantham and Thomerson allegedly had no contact with. Contrary to that assertion, in the incident
970338P.StatementFacts

-1-

-2-

report, Officer Brown reports that "Sgt. Grantham was to my rear and was trying to get another black male on the ground... ." Officer Brown further reports that "the black male Sgt. Grantham was standing over, [was] later identified as Brandon Heard." In Sargent Grantham's internal affairs statement, however, he states that Officer Brown's report is incorrect, as follows:

> Q: Okay, so you didn't take control and put Brandon Heard on the ground?
>
> A: No, I did not.
>
> Q: Do you know who did or --
>
> A: I believe it was Officer Thomerson.

In Officer Thomerson's deposition, he denies touching anyone. Therefore, Complainants dispute the allegations in paragraphs 1-4 of Defendants' Statement as these are material facts for which a trial is necessary.

### 2 (Defs.' St. ¶5-7)

Paragraphs 5 through 7 of Defendants' Statement relate to the actions of Officer Ebarb at 1311 Becky Street. In these paragraphs, Defendants admit the participation of Officer Ebarb in the use of force on both Darrell and Brandon Heard. Defendants simply attempt to downplay the extent to which Officer Ebarb participated in use of force on Complainants with the conclusory assertion that "Officer Ebarb did not use any force beyond that necessary under the circumstances." As set forth in Complainants' Opposition to Defendants' Motion for Summary Judgment, Complainants do not dispute that Officer Ebarb used force in restraining them. Complainants do dispute, however, the necessity of that force. Complainants contend that no arrest was justified and, regardless of the justification for arrest, no force was necessary. For the above reasons, Complainants' dispute paragraphs 5-7 of Defendants' Statement.

3 (Defs.' St. ¶8)

Complainants dispute the self-serving allegation in paragraph 8 of Defendants' Statement that Officers Grantham, Thomerson and Ebarb did not observe any excessive use of force.

4 (Defs.' St. ¶9)

Complainants dispute the allegations of paragraph 9 of Defendants' Statement. Complainants also note that the issue of municipal liability is not properly before the Court on Defendants' most recent motion for summary judgment. According to the Court's directive at the Pre-Trial Conference and its Minute Entry Order dated March 12, 1999, Defendant's motion is limited to the liability of the officers present at 1311 Becky Street on April 5, 1997, for not intervening and preventing the further battery of Darrell Heard and any battery of Brandon Heard, as alleged in paragraph 14 of Complainants' contentions in the Pre-Trial Order entered in this action. Complainants' allegations of municipal liability for any excessive force on April 5, 1997, have never been questioned and could have been addressed prior to the dispositive motion bar date set forth in the applicable scheduling order.

Respectfully submitted,

DOWNER, KYLE & WILHITE, L.L.C.

By: _____
/ Robert W. Kyle T.A.
Louisiana Bar Roll No. 23173

One Texas Center
415 Texas Street, Suite 100
Shreveport, Louisiana 71101
Telephone (318) 213-4444
Telecopier (318) 213-4445

-4-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing "Complainants Statement of Material Facts About Which There Exists a Genuine Issue Responding to Defendants' Statement of Material Facts Not Requiring Trial Filed March 22, 1999" has this day been served upon opposing counsel by facsimile (without exhibits) and hand delivery (with exhibits), as follows:

> Kenneth Mascagni (Fax No. 227-7850)
> Cook, Yancey, King & Galloway
> P.O. Box 22260
> Shreveport, Louisiana 71120-2260

Shreveport, Louisiana, this 26th day of March, 1999.

_____
OF COUNSEL